UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JESSICA FOSTER,<br>        Plaintiff, | : | |
| | : | |
| | : | CIVIL NO. 3:02 CV 1433 (PCD) |
| v. | : | |
| | : | |
| MASSACHUSETTS MUTUAL LIFE | : | |
| INSURANCE COMPANY, | : | JANUARY 13, 2004 |
|        Defendant. | : | |
| | : | |

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7(c) and 56 of this District, Massachusetts Mutual Life Insurance Company ("Mass Mutual") respectfully submits the following Reply Memorandum of Law in support of Defendant's Motion for Summary Judgment and in response to Jessica Foster's Objection to Defendant's Motion for Summary Judgment ("Objection"). Plaintiff's Objection makes clear that the parties do not disagree on any material issue of fact. Thus, Mass Mutual is entitled to judgment as a matter of law as to Plaintiff's claims for breach of contract and breach of implied contract in the First and Second Counts of the Complaint.

A.    Plaintiff Fails To Identify An Issue Of Material Fact Precluding Summary Judgment

In support of her Objection, Plaintiff filed a Local Rule 56(a)(2) Statement in which she admits all but two paragraphs of Mass Mutual's Local Rule 56(a)(1) Statement.[1]  Neither of

---

[1]  Plaintiff denied Paragraph Nos. 23 and 49 of Mass Mutual's Local Rule 56(a)(1) Statement. Paragraph No. 23 states, "Plaintiff was not aware of these provisions of the Compliance Guide [referenced in Paragraph No. 22] prior to her termination of employment."  Paragraph No. 49 recites, in pertinent part, Karen Craig's testimony that Plaintiff "had acquired an individual's personnel evaluation form and had commented on it and passed it to other employees."

these alleged disputes creates a genuine issue of material fact sufficient to preclude summary judgment in this case.[2]

Plaintiff denied Paragraph No. 23 on the grounds that she "was aware of Mass Mutual's policy of treating all employees equally prior to her termination." (Pl. L.Rule 56(a)(2) Stmnt, ¶ 23.) Plaintiff's response to Paragraph No. 23 does not create an issue of material fact because it denies facts not asserted by Mass Mutual.[3] Contrary to Plaintiff's denial, Paragraph No. 23 does not address when Plaintiff became aware of Mass Mutual's purported policy of treating employees equally. Rather, Paragraph No. 23 merely recited Plaintiff's own testimony that she did not become aware of certain provisions of the Compliance Guide, on which she based her alleged contract, until after her discharge. (Pl. Dep., pp. 159-61.) This Court should reject Plaintiff's attempt to avoid summary judgment by denying facts Mass Mutual did not assert in its Local Rule 56(a)(1) Statement.

Plaintiff also attempts to dispute Paragraph No. 49 of Mass Mutual's Local Rule 56(a)(1) Statement by denying Karen Craig's testimony that Plaintiff "had acquired an individual's personnel evaluation form and had commented on it and passed it to other employees." (Craig Dep., p. 56.) In response to Paragraph No. 49, Plaintiff admitted that she acquired and commented on Mr.

---

[2] To the extent Plaintiff relies on the allegations of her Complaint in Section II of her Objection, those allegations are insufficient to give rise to an issue of material fact and should be disregarded. See Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996)(a party opposing summary judgment cannot "defeat the motion by relying on the allegations in his pleading, or on conclusory statements."); Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d Cir. 1995)(a plaintiff cannot avoid summary judgment "through reliance on unsupported assertions" of the complaint); Hernandez v. City of Rochester, 212 F. Supp. 2d 143, 149 (W.D.N.Y. 2002)(plaintiffs' decision "to rest upon their initial allegations is not sufficient to defeat a motion for summary judgment"). For purposes of Local Rule 7(d), Mass Mutual will cite in its Reply Memorandum to the appropriate section of Plaintiff's Objection as Plaintiff did not include page numbers in her brief

[3] This is confirmed by the fact that Plaintiff relied on the same pages of her deposition testimony in denying Paragraph No. 23 that Mass Mutual cited in support of Paragraph No. 23. Clearly, the same pages of Plaintiff's deposition testimony cannot both support and deny the facts set forth in Paragraph No. 23 of the Local Rule 56(a)(1) Statement.

Backus' PMP, but denied that she passed "the PMP to other employees . . . ." (Pl. L.Rule 56(a)(2) Stmnt, ¶ 49.)

Plaintiff's denial that she passed the PMP to other employees does not create an issue of material fact because her denial is immaterial to the threshold question of whether the Online Guide or the Compliance Guide constituted a contract between Plaintiff and Mass Mutual. Thus, summary judgment is appropriate on the grounds that neither the Online Guide nor the Compliance Guide gave rise to contractual liability in the first instance. Additionally, Plaintiff's denial fails to create an issue of fact as to Mass Mutual's breach of the alleged contract because it does not negate Plaintiff's admission that she violated Mass Mutual's Privacy and Confidential Information policy by acquiring and commenting on Mr. Backus' PMP. Plaintiff's denial is, in essence, nothing more than an attempt to quibble over what she claims was the exact nature and extent of her admitted violations of company policy which led to her termination of employment.

Summary judgment is appropriate because Plaintiff admitted the following facts regarding Mass Mutual's clear and repeated intent not to enter into a contractual relationship with her based on the Online Guide or the Compliance Guide:

- Prior to her hire, Plaintiff completed an Application of Employment in which she attested to the following employment at-will disclaimer: "I understand that employment with the Company is 'at-will,' or no fixed period of time and may be terminated by me or the Company at any time . . . ." (Def. L.Rule 56(a)(1) Stmnt, ¶ 2.)

- Plaintiff received an Offer Letter from Mass Mutual which stated, in part: "All employment at MassMutual is at will, meaning that both you and the Company are free at any time to end the employment relationship for any reason." (Def. L.Rule 56(a)(1) Stmnt, ¶ 4.)

3

- The bottom of the introductory page to the Online Guide contained the following disclaimer statement: "Disclaimer: This Guide does not create a contract of employment. . . . Here is the <u>full text of the disclaimer</u>. (Def. L.Rule 56(a)(1) Stmnt, ¶ 10.)

- Mass Mutual included the above disclaimer statement on every page of the Online Guide, including the page containing Mass Mutual's Progressive Discipline policy. (Def. L.Rule 56(a)(1) Stmnt, ¶ 11.) By clicking on the underlined text of the disclaimer statement set forth above, Plaintiff could access the full text of Mass Mutual's disclaimer. (Def. L.Rule 56(a)(1) Stmnt, ¶ 12.)

- Employees could also access the full disclaimer by utilizing a separate link in a rectangular box entitled "Disclaimer" on the left hand side of every page of the Online Guide. Mass Mutual's full disclaimer read, in part: "The Company is an at-will employer, which means that both an Employee and the Company are free at any time to end the employment relationship without notice or cause. **Neither this Guide nor any other policies, practices or benefits of the Company create an express or implied employment contract between an Employee and the Company."** (Def. L.Rule 56(a)(1) Stmnt, ¶ 13; emphasis in original.)

- The bottom of the Progressive Discipline policy, on which Plaintiff bases her alleged contract, contained the same contract disclaimer set forth on every other page of the Online Guide: "Disclaimer: This Guide does not create a contract of employment. . . ." (Def. L.Rule 56(a)(1) Stmnt, ¶ 16.)

- The second page of the Compliance Guide is titled "Disclaimer" in large bold type and states,

> The Company is an at-will employer, which means that both employees and the Company are free at any time to end the employment relationship without notice or cause. **Neither this guide nor any other policies, practices or benefits of the Company create an express or implied employment contract between the employee and the Company.**

(Def. L.Rule 56(a)(1) Stmnt, ¶ 21; emphasis in original.)

The foregoing undisputed facts unequivocally support the entry of summary judgment in this case. The disclaimers used by Mass Mutual were clear, concise, conspicuous and express. Consequently, Mass Mutual is entitled to judgment as a matter of law on Plaintiff's claim that the Online Guide and Compliance Guide constituted a contract of employment.

> B.    The Online Guide And Compliance Guide Do Not, As A Matter Of Law, Support Contract Liability

Plaintiff's main claim in her Objection is that the existence of a contract between her and Mass Mutual is a question of fact which cannot be resolved on a motion for summary judgment. (Obj., § III.B.) This claim runs counter to the well-established rule in Connecticut that formation of a contract based on an employee manual is, as a threshold matter, a question of law for the Court. See Finley v. Aetna Life & Casualty Co., 202 Conn. 190, 199, n.5, 520 A.2d 208 (1978)(recognizing that employee manuals can give rise to contract liability, but stating that "by including appropriate disclaimers of the intention to contract, employers can protect themselves against employee contract claims"). More recently, in Gaudio v. Griffin Health Services Corp., 249 Conn. 523, 535, 733 A.2d 197 (1999), the Supreme Court reaffirmed its commitment to this principle stating,

> We have stated with unambiguous clarity that employers can protect themselves against employee contract claims based on statements made in personnel manuals by following either (or both) of two simple procedures: (1) eschewing language that could reasonably be construed as a basis for a contractual promise; and/or (2) including appropriate disclaimers of the intention to contract. (citations omitted; internal quotations omitted).

Plaintiff's claim also contradicts the well-established rule in this Court that the existence of a contract based on an employee manual containing an express disclaimer is a question of law for the Court to decide. See Davis v. Liberty Mutual Ins. Co., 218 F. Supp. 2d 256, 261 (D.Conn. 2002); Grossman v. Computer Curriculum Corp., 131 F. Supp. 2d 299, 305-06 (D.Conn.

2000); <u>Gallo v. Eaton</u>, 122 F. Supp. 2d 293, 309-10 (D.Conn. 2000); <u>Cowen v. Federal Express Corp.</u>, 25 F. Supp. 2d 33, 37 (D. Conn. 1998); <u>Manning v. Cigna Corp.</u>, 807 F. Supp. 889, 893 (D. Conn. 1991); <u>Owens v. American Nat. Red Cross</u>, 673 F. Supp. 1156, 1165 (D.Conn. 1987). The issue of contract formation only becomes a question of fact when the employee manual at issue does not contain an employment at-will disclaimer or when the disclaimer is insufficiently clear, express or conspicuous to disclaim the employer's intention to enter into a contractual relationship.

In support of her claim that there exists a question of fact regarding the sufficiency of Mass Mutual's disclaimers, Plaintiff relies on three Superior Court decisions which are easily distinguishable and wholly inapposite to the facts of this case. In <u>Manley v. Blue Cross/Blue Shield</u>, No. CV 91 0322213 S, 96-CBAR-1132, at 5 (J.Corradino, Sept. 10, 1996)(Pl. Ex. 4), the court denied summary judgment on the plaintiff's breach of contract claim finding that the defendant's handbook disclaimer was "ambivalent," included a "crowning touch of ambiguity," and used "cat and mouse language."

<u>Manley</u> has no applicability to this case because the disclaimers utilized by Mass Mutual could not have been clearer or more concise. Every page of the Online Guide simply and concisely stated: "Disclaimer: This Guide does not create a contract of employment." The Online Guide also contained a full disclaimer which stated, in bold type: **"Neither this Guide nor any other policies, practices or benefits of the Company create an express or implied employment contract between an Employee and the Company."** This language is simple, clear, express and repeated on every page of the Online Guide.

The disclaimer in the Compliance Guide was equally clear and express. It was titled "Disclaimer" in large, bold type and stated, in bold:  **"Neither this guide nor any other policies, practices or benefits of the Company create an express or implied employment contract**

**between the employee and the Company."** Both Plaintiff's Application of Employment and Offer

Letter also contained clear, concise, express and conspicuous contract disclaimer statements. (Shea

Aff., Ex. 1; Ex. 2.) In her Objection, Plaintiff does not even address the disclaimer statements

contained in her Application of Employment and Offer Letter.

The disclaimer in <u>Manley</u> bears no relationship to the disclaimers used by Mass

Mutual in this case. In <u>Manley</u>, the defendant's employee handbook contained only one disclaimer

statement which the court believed was ambiguous. Mass Mutual's disclaimers were repeated in

four separate documents, including on every page of the Online Guide, and used language which was

clear, concise and simple. Indeed, Mass Mutual's disclaimers are even clearer than the disclaimer at

issue in <u>Hoyt v. National Council on Compensation Ins.</u>, 2 Conn. Ops 500 (D.Conn. 1996), which

the <u>Manley</u> court believed "offer[ed] protection absolute." <u>Manley</u>, 96-CBAR-1132, at 5-6.

Plaintiff's other cases are equally unpersuasive. In <u>Harrop v. Allied Printing Services,</u>

<u>Inc.</u>, No. CV 98 0583561, 00-CBAR-0216, at 2 (J. Hennessey, March 24, 2000)(Pl. Ex. 6), the court

denied summary judgment, despite the "requisite disclaimers" in the defendant's employee

handbook, because the plaintiff alleged that oral promises were made to him during employment

negotiations, when he was hired and during his initial days of work. In this case, Plaintiff's alleged

contract is based strictly on the Online Guide and the Compliance Guide. There is no evidence of

any oral promises made to Plaintiff.[4]

---

[4]  At the end of Section II.B., Plaintiff makes reference to "the employer's representations to the plaintiff at the time of her hiring and again prior to the company layoff." It is impossible to determine from Plaintiff's Objection what "representations" she is referring to. There is no evidence in Plaintiff's Local Rule 56(a)(2) Statement, in her Objection or in the record as a whole of any contractual promises made to Plaintiff prior to her hire or to the layoff. This is precisely the type of unsupported assertion insufficient to preclude summary judgment. <u>See</u> <u>Goenaga</u>, 51 F.3d at 18 (summary judgment cannot be defeated "on the basis of conjecture or surmise"); <u>Meiri v. Dacon</u>, 759 F.2d 989, 998 (2d Cir. 1985)("conclusory allegations" are insufficient to avoid summary judgment).

In <u>Wasilewski v. Warner-Lambert Co.</u>, No. CV 9304445, 95-CBAR-0488, at 4 (J. Skolnick, June 19, 1995)(Pl. Ex. 7), the court denied summary judgment because the disclaimer at issue was "found on the last page of Warner Lambert's employee handbook, is untitled and its language lacks the [required] specificity . . . ." In contrast, Mass Mutual utilized disclaimers in four separate documents, the disclaimers were not confined to the last page of the Online Guide or the Compliance Guide, the disclaimers were titled, and the language of the disclaimers was clear and unambiguous.

Finally, in <u>Dicker v. Middlesex Memorial Hosp.</u>, No. CV 0065434 S, 94-CBAR-1042, at 2 (J. Walsh, March 25, 1994)(Pl. Ex. 8), the court denied summary judgment on the grounds that there existed a question of fact regarding the sufficiency of the employer's at-will disclaimer. <u>Dicker</u> is inapposite to the facts of this case because: 1) the basis of the plaintiff's alleged contract in <u>Dicker</u> is unclear from the court's decision; and 2) the disclaimer in the employee manual relied upon by the defendant in that case was untitled and in fine print. In contrast, Mass Mutual utilized disclaimers which were titled, which were repeated, and which were in bold type.

Based on the foregoing, Plaintiff's claim that there exists a question of fact regarding the sufficiency of Mass Mutual's disclaimers should be rejected out of hand. Plaintiff has not cited a single case which supports her claim that Mass Mutual's use of disclaimers in four separate documents, including on every page of the Online, is insufficient to disclaim its intent to contract. Nor has Plaintiff cited a single case which holds that the language of Mass Mutual's disclaimers is unclear or ambiguous. To the contrary, it is difficult to imagine what additional steps an employer could take to disclaim contractual liability based on its employee manuals or how the language used by Mass Mutual could be clearer or more concise.

C.    There Is No Question Of Fact Regarding Plaintiff's Violation Of Mass Mutual's Privacy Policy

Plaintiff's final claim is that there exists of question of fact regarding Plaintiff's violation of Mass Mutual's Privacy and Confidential Information policy. (Obj., § II.C.) Plaintiff claims, in essence, that Mass Mutual did not follow its Progressive Discipline policy and that she was treated unfairly because Fran Derouin and Jennifer Bates were not terminated, while she was. Both of these claims should be rejected.[5]

In her Local Rule 56(a)(2) Statement, Plaintiff admitted the following facts regarding her violation of Mass Mutual's Privacy and Confidential Information policy:

• After Mr. Taylor found Mr. Backus' PMP, Mr. Taylor and Plaintiff began to discuss the PMP and who was going to read it first. (Def. L.Rule 56(a)(1) Stmnt, ¶ 31.)

• After Plaintiff returned to her desk, Plaintiff's co-worker, Betsy Curtis, approached Plaintiff and asked her if she wanted to read Mr. Backus' PMP. Plaintiff took the PMP from Ms. Curtis and read it. (Def. L.Rule 56(a)(1) Stmnt, ¶ 32.)

• When Plaintiff was done reading the PMP, she walked back to Mr. Backus' cubicle, and made a comment to Ms. Bates about the PMP and her opinion as to why Mr. Paige had been laid off. (Def. L.Rule 56(a)(1) Stmnt, ¶ 33.)

• During the remainder of that day and the next day, Plaintiff discussed the PMP with Mr. Taylor and Ms. Curtis. (Def. L.Rule 56(a)(1) Stmnt, ¶ 34.)

---

[5]  In her Objection, Plaintiff does not address Mass Mutual's argument on pages 28 through 30 of its supporting Memorandum of Law that the use of conditional terms in the company's Progressive Discipline policy such as "whenever possible," "in most cases," "may be," and "typically" renders the policy insufficiently promissory and definite to support contract liability. Nor does Plaintiff address Mass Mutual's claim on pages 30 through 32 that the provisions of the Compliance Guide on which Plaintiff relies constitute mere aspirational statements which are insufficient, as a matter of law, to support contract liability. Mass Mutual asserts that summary judgment is appropriate on these grounds in addition to the others set forth herein.

- Plaintiff knew that Mr. Backus' PMP was a confidential document which contained personal information about Mr. Backus' job performance, strengths and weaknesses, areas of improvement and job expectations. (Def. L.Rule 56(a)(1) Stmnt, ¶¶ 30, 41.)[6]

- During Tim Allen's investigation, Plaintiff "admitted reviewing the PMP and participating in something that she shouldn't have done." (Def. L.Rule 56(a)(1) Stmnt, ¶ 41.)

Plaintiff's claim that she was not treated fairly is essentially an appeal to this Court to act as a "super personnel department." It is well-established that it is not the role of this Court to review or second guess a company's personnel decisions. See Scaria v. Rubin, 117 F.3d 652, 655 (2d Cir. 1997). The undisputed facts establish that Mr. Allen conducted a thorough investigation of this matter, including interviewing ten employees. (Def. L.Rule 56(a)(1) Stmnt, ¶¶ 39-40.) At the conclusion of the investigation, Mr. Allen determined, in the exercise of his judgment and in conjunction with Ms. Craig, that Mr. Taylor, Ms. Curtis and Plaintiff had engaged in egregious violations of Mass Mutual's privacy policy which warranted their termination.[7] (Def. L.Rule 56(a)(1) Stmnt, ¶ 46.) Mr. Derouin was disciplined, but not terminated, because Mr. Allen concluded that his conduct was not as severe as that of Plaintiff, Mr. Taylor and Ms. Curtis. (Def. L.Rule 56(a)(1) Stmnt, ¶ 50.) Plaintiff cannot create an issue of material fact merely by questioning Mr. Allen's judgment or the results of his investigation.

---

[6] Plaintiff's attempt to dispute the confidentiality of Mr. Backus' PMP should be disregarded. First, Plaintiff admitted in her deposition and in her Local Rule 56(a)(2) Statement that the PMP was confidential. Second, the fact that Plaintiff may have assisted Mr. Backus in preparing the employee comments portion of the PMP did not entitle Plaintiff to review the entire PMP, including the manager's comments, or to discuss the PMP with other employees. Finally, Plaintiff admitted to Mr. Allen that she reviewed the PMP, discussed it with others, and that she engaged in conduct which she knew was wrong.

[7] Plaintiff's attempt to draw a comparison between herself and Ms. Bates is puzzling. Ms. Bates did not violate Mass Mutual's privacy policy: she did not review Mr. Backus' PMP, she did not pass it around and she did not discuss it with other employees. Moreover, Ms. Bates was not Plaintiff's supervisor and was not responsible for Plaintiff's misconduct. (Def. L.Rule 56(a)(1) Stmnt, ¶ 7; Bates Dep., pp. 16, 18-19, 28.) Plaintiff's attempt to shift responsibility to Ms. Bates for not warning Plaintiff or for not otherwise preventing her own misconduct is absurd.

III.    <u>CONCLUSION</u>

For the foregoing reasons, Mass Mutual is entitled to judgment as a matter of law.

THE DEFENDANT,
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

By: _____
Margaret J. Strange (ct08212)
James F. Shea (ct16750)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105
(860) 522-0404
email: sheaj@jacksonlewis.com

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent via first class mail, postage

prepaid, this 13th day of January 2004, to the following counsel of record:

Angelo Cicchiello
Law Offices of Angelo Cicchiello
364 Franklin Avenue
Hartford, CT 06114

_____
James F. Shea

H:\Client Folder\M\Mass Mutual\Foster\Pld\MSJ\Reply Memorandum of Law.doc
47003